# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Desmond Demetrius Clark,**
**Petitioner Below, Petitioner**

**vs) No. 18-0133** (Kanawha County 16-P-219)

**Donnie Ames, Superintendent,**
**Mount Olive Correctional Complex,**
**Respondent Below, Respondent**

**FILED**

**April 15, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Desmond Demetrius Clark, by counsel Charles R. Hamilton, appeals the Circuit Court of Kanawha County's February 9, 2018, order denying his second petition for writ of habeas corpus. Respondent Donnie Ames, Superintendent, Mount Olive Correctional Complex,[1] by counsel Elizabeth Davis Grant, submitted a response to which petitioner submitted a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2008, petitioner was indicted by the Kanawha County Grand Jury and charged with breaking and entering, kidnapping, and murder, stemming from the murder of Na'lisha Gravely in a Taco Bell restaurant in Charleston, West Virginia. According to the circuit court's order in this habeas matter, the surveillance video from the restaurant positively identified petitioner as the murderer. Petitioner was found hiding in a utility closet in a home in Kanawha County and was arrested several hours after the killing. The State offered a plea agreement whereby petitioner would plead guilty to first-degree murder, with the parties free to argue mercy at sentencing, and the other charges would be dismissed. The plea agreement was placed on the record on March 30, 2009. During that hearing, petitioner's lead trial counsel, Theresa R. Chisolm, requested an opportunity for both of petitioner's trial attorneys and petitioner's mother

---

[1] Since the filing of the appeal in this case, the superintendent at Mount Olive Correctional Complex has changed and the superintendent is now Donnie Ames. The Court has made the necessary substitution of parties pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure. Additionally, effective July 1, 2018, the positions formerly designated as "wardens" are now designated "superintendents." *See* W. Va. Code § 15A-5-3.

1

to meet with petitioner, and the judge indicated his willingness to take as much time as needed for petitioner "and counsel to communicate and understand . . ." to ensure that petitioner understood what he was doing and that his plea was done freely, voluntarily, and intelligently. The hearing was continued and petitioner was afforded the opportunity to speak with his mother and his attorneys. The hearing resumed approximately four hours later, at which time the circuit court questioned petitioner, establishing that he was twenty-two years of age and had never been diagnosed with a mental illness. When the court pointed out that counsel had indicated that petitioner might have a mental defense to the crime, counsel clarified that petitioner had been diagnosed with ADHD and a provisional diagnosis of intermittent explosive disorder. Counsel stated that it was petitioner's desire not to pursue a mental defense but to accept responsibility for his crime. Petitioner also indicated that he understood the plea agreement and that no one promised him anything or threatened him to induce his agreement to the plea. Further, he stated that the medication provided to him by the jail did not affect his ability to think clearly. He confirmed that he understood the charge to which he was pleading guilty, that he could spend the rest of his life in prison, and that the State did not agree to any recommendation regarding sentencing. The court accepted petitioner's guilty plea, and a presentence investigation report was completed.

Dr. Bobby Miller evaluated petitioner to determine competency, criminal responsibility, and any psychiatric diagnoses; he found petitioner to be competent. Dr. Miller believed that petitioner had intermittent explosive disorder, but that at the time he killed Ms. Gravely petitioner knew what he was doing. Dr. Miller found petitioner to be criminally responsible because he appreciated the wrongfulness of his actions and was capable of conforming his behavior to the requirements of the law but chose not to do so. On July 7, 2009, petitioner was sentenced to life in prison without the possibility of parole. On November 2, 2009, he filed a motion to reconsider his sentence, but that motion was denied by order entered November 10, 2009.

Petitioner filed his first petition for writ of habeas corpus on October 11, 2011, and he was afforded an omnibus hearing with the assistance of counsel. In that petition, petitioner asserted ineffective assistance of counsel because counsel failed to investigate mental and medical defenses known at the time of sentencing and ineffective assistance of counsel due to mitigating evidence of Xanax and alcohol use at the time of the offense that was not offered at sentencing. Petitioner and his mother testified at the evidentiary hearing, with petitioner testifying that he had little recall as to what happened due to voluntary intoxication. He stated that his lawyers never talked about a defense but suggested that he would receive mercy. Petitioner acknowledged that he knew about his lack of memory when he entered his plea and that he was truthful with his lawyers in all respects. He also acknowledged he thought that he had a mental defense because of diminished capacity, shared all the information with counsel, and knew that at the time he entered the plea. Petitioner's mother testified that trial counsel did not guarantee mercy but gave advice as to what they thought the outcome would be. She admitted that her son made his own decision about entering the plea. The circuit court determined that petitioner had failed to demonstrate that his counsel was ineffective and dismissed the petition by order entered April 12, 2012. That decision was appealed to this Court and affirmed in a memorandum decision. *Clark v. Ballard*, Case No. 12-0524, 2013 WL 2462188 (W. Va. June 7, 2013) (memorandum decision) ("*Clark I*").

2

Petitioner filed a second petition for writ of habeas corpus in the circuit court in May of 2016. The second petition alleged the following: ineffective assistance of habeas counsel, ineffective assistance of trial counsel, prejudicial pre-trial publicity, involuntary guilty plea, petitioner's competence and criminal responsibility or lack thereof, the failure of trial counsel to appeal petitioner's sentence, the State's use of perjured testimony, the failure to grant a continuance, the refusal to subpoena witnesses, question of actual guilt upon an acceptable guilty plea, more severe sentence than expected, and mistaken advice as to eligibility for probation or parole. Following the second omnibus evidentiary hearing, the circuit court entered its February 9, 2018, final order, finding that because this was a successive petition, the only available issues to be raised are newly discovered evidence, change in the law that is favorable to petitioner and may be retroactively applied, and ineffective assistance of the prior habeas counsel.

Sherman Lambert, petitioner's attorney during his first habeas proceeding, testified that he discussed filing a request to file an appeal out of time for petitioner. He explained that in preparation for filing a petition for writ of habeas corpus, he had numerous visits with petitioner, obtained psychiatric records, and obtained petitioner's file from trial counsel. Mr. Lambert also consulted with a mental health expert witness. He testified that while he raised ineffective assistance of trial counsel in not pursuing certain mental and medical defenses and in failing to offer mitigating evidence of the use of drugs and alcohol at the time of the offense, he did not see other viable issues. Mr. Lambert testified that he discussed every potential ground in the *Losh* list with petitioner and informed him that anything he did not raise would be forever waived.[2] According to Mr. Lambert, he chose not to raise the issue of involuntary plea because a review of the plea colloquy regarding any question that petitioner believed he had been promised mercy revealed that petitioner clearly acknowledged that the judge had the discretion to sentence him to life in prison. He testified that, as a matter of strategy, he proffered the two issues in the petition for writ of habeas corpus because all other plausible issues were waived by the entry of the guilty plea. Mr. Lambert testified that he chose not to communicate with trial counsel because he believed the documents he had were sufficient. He also testified he determined that petitioner had reported things his previous lawyers had said and done that were inaccurate and untrue.

After considering the second petition for writ of habeas corpus and the testimony of petitioner's first habeas counsel, the circuit court found that it was Mr. Lambert's strategic decision not to communicate with trial counsel or seek their testimony at the initial omnibus hearing. Attorney Shawn Bayliss testified as an expert witness at the second omnibus hearing and opined that he understood the strategy employed by Mr. Lambert but that he did not believe that strategy was objectively reasonable. However, he noted that the plea colloquy makes the plea appear freely and voluntarily given. While Mr. Bayliss acknowledged that often trial counsel do not testify in habeas proceedings, he continued to be critical of Mr. Lambert's lack of investigation into the actions of trial counsel. In its final order, the circuit court found that practitioners may make different choices in representing a habeas petitioner but that a disagreement about those choices does not necessarily make the assistance ineffective. It specifically noted that "strategic decisions rarely, if ever, form the basis for relief in habeas corpus."

---

[2] *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981).

In addressing applicable law, the circuit court concluded that the issues to be raised in successive petitions for writs of habeas corpus are very limited, reiterating the three categories set forth above. It, therefore, found that only ineffective assistance of prior habeas counsel was properly before it. After a detailed examination of the various standards related to the ineffective assistance of counsel, the circuit court concluded that previous habeas counsel was not ineffective because petitioner failed to satisfy the standard set forth in *Strickland/Miller*.[3] The circuit court then found that petitioner's other claims are barred by res judicata. Petitioner appeals from that order.

We review the circuit court's denial of petitioner's second habeas petition as follows:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016).

On appeal, petitioner asserts two assignments of error. First, he alleges that the circuit court clearly erred by sustaining the State's objection to the testimony of petitioner's trial counsel and witnesses at petitioner's omnibus hearing. In support of his argument, petitioner contends that when the circuit court sustained the State's objection to testimony from trial counsel Robert Catlett, petitioner was prevented from proving that trial counsel acted incompetently, that the incompetency related to a matter that would have substantially affected the fact-finding process if the case had proceeded to trial, and the guilty plea was motivated by that error. He also asserts ineffective assistance of counsel based upon coercion to enter into the plea agreement.

"Our post-conviction habeas corpus statute . . . clearly contemplates that a person who has been convicted of a crime is ordinarily entitled, as a matter of right, to only one post-conviction habeas corpus proceeding[.]" Syl. Pt. 1, in part, *Gibson v. Dale,* 173 W. Va. 681, 319 S.E.2d 806 (1984). At subsequent habeas corpus proceedings, any ground raised at a prior habeas corpus hearing is considered fully adjudicated and need not be addressed by the circuit court. Petitioner's argument ignores our earlier finding that

> [a] prior omnibus habeas corpus hearing is *res judicata* as to all matters raised and as to all matters known or which with reasonable diligence could have been known; however, an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing; newly discovered evidence; or, a change in the law, favorable to the applicant,

---

[3] *Strickland v. Washington,* 466 U.S. 668 (1984); *State v. Miller,* 194 W. Va. 3, 459 S.E.2d 114 (1995).

which may be applied retroactively.

Syl. Pt. 4, *Losh v. McKenzie,* 166 W. Va. 762, 277 S.E.2d 606 (1981).

In petitioner's first petition for habeas relief filed before the circuit court, he alleged that he had received ineffective assistance from trial counsel. In the circuit court's "Order Denying Petition for Writ of Habeas Corpus" in that proceeding, the circuit court found that "[h]aving considered the record and the evidence offered with respect to the [p]etition, the [c]ourt concludes as a matter of law that trial counsel's performance was not deficient under an objective standard of reasonableness." It went on to set forth ample support for that finding, including the fact that trial counsel obtained mental health and medical records from various entities; trial counsel's request for a continuance to make additional efforts to obtain those records; and lengthy conversations between trial counsel, counsel's investigator, and petitioner to discuss discovery matters. In his first habeas proceeding, the circuit court also addressed the voluntariness of petitioner's plea, concluding that "it is abundantly clear . . . that the guilty plea was motivated by the overwhelming strength of the State's evidence, the lack of mental/diminished capacity defense, and matters of strategy, not by any error of defense counsel." In *Clark I*, this Court not only affirmed the circuit court's order but adopted and incorporated that well-reasoned order therein.

In his first assignment of error, petitioner also points to the State's objections to the testimony of Mark Pearson. Petitioner does not articulate what involvement Mr. Pearson had to the crime at issue. While he seems to imply that he spent time with Mr. Pearson shortly before the crime, he fails to identify what testimony he sought to have Mr. Pearson provide or what that testimony would prove. We have made clear that "[a] skeletal 'argument,' really nothing more than an assertion, does not preserve a claim[.]" *State, Dep't of Health v. Robert Morris N.*, 195 W. Va. 759, 765, 466 S.E.2d 827, 833 (1995) (internal quotation marks and citations omitted). We decline to address this inadequately briefed issue on the merits. For these reasons, we find no merit in petitioner's first assignment of error.

Petitioner next argues that the circuit court abused its discretion by finding that Mr. Lambert provided effective assistance. He asserts that Mr. Lambert admittedly did not contact trial counsel at any point related to petitioner. Petitioner points to the testimony of his expert, Mr. Bayliss, who testified that in his opinion petitioner's habeas counsel was ineffective because he failed to investigate the plea recommendation of trial counsel and the circumstances of petitioner's plea. Without citing to the record, petitioner asserts that his mother paid Mr. Lambert $30,000 and a psychiatrist of Mr. Lambert's choosing $1,500; however, the psychiatrist was not subpoenaed to appear at the first omnibus hearing and did not provide a report to petitioner. While petitioner argues that Mr. Lambert listed two errors on the *Losh* list and informed petitioner "he would not need any other issues and he guaranteed him the case would be remanded[,]" petitioner cites only his own testimony during the second omnibus hearing in support of that contention. Petitioner further contends that Mr. Lambert's assertion of only two errors in his first habeas proceeding was "so obviously unreasonable that it was constitutionally inadequate."

Pursuant to syllabus point 4 of *Losh*, ineffective assistance of habeas counsel constitutes

an exception to the doctrine of res judicata. In addition,

> [i]n the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

> In reviewing counsel's performance, courts must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Thus, a reviewing court asks whether a reasonable lawyer would have acted, under the circumstances, as defense counsel acted in the case at issue.

Syl. Pts. 5 and 6, *State v. Miller,* 194 W. Va. 3, 459 S.E.2d 114 (1995).

As we further stated in *Miller*,

> [w]hen assessing whether counsel's performance was deficient, we "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" 466 U.S. at 689, 104 S.Ct. at 2065, 80 L.Ed.2d at 694. To demonstrate prejudice, a defendant must prove there is a "reasonable probability" that, absent the errors, the jury would have reached a different result. 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698.

*Miller*, 194 W. Va. at 15, 459 S.E.2d at 126.

In the instant matter, Mr. Lambert testified that in preparation for the filing of petitioner's first petition for writ of habeas corpus, he had numerous visits with petitioner, obtained psychiatric records, and obtained petitioner's file from trial counsel. He also consulted with an expert witness. Mr. Lambert further testified that he discussed every potential ground in the *Losh* list with petitioner and informed petitioner that any issue not raised at that time would be forever waived. According to Mr. Lambert's testimony, he chose not to assert that petitioner entered his plea involuntarily because his review of the plea colloquy revealed that petitioner clearly acknowledged that the judge had the discretion to sentence him to life in prison, without mercy. In addition, Mr. Lambert testified that as a matter of strategy, he proffered only two issues in the petition for writ of habeas corpus because all other plausible issues were waived by the entry of the guilty plea. Finally, because he had trial counsel's documents, he did not believe that he needed to consult with trial counsel, and he determined that petitioner reported things his trial counsel had said and done that were inaccurate and untrue. Based on those findings and the record before it, the circuit court concluded that petitioner was not entitled to habeas relief on this ground. We agree.

6

Finally, petitioner has failed to show that he suffered prejudice due to Mr. Lambert's failure to call a psychiatrist to testify at the first omnibus hearing. He also fails to identify any psychiatric finding that would have changed the outcome of the proceeding. In the circuit court's order, incorporated in *Clark I*, it found that petitioner's decision to enter his plea was "knowing, voluntary, [and] intelligent[,]" which supports Mr. Lambert's decision not to assign error and contest the voluntariness of petitioner's plea. Therefore, we find no merit in petitioner's second assignment of error.

Affirmed.

**ISSUED:** April 15, 2019

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison